```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

CHARLES O. CROWDER,            }
                               }
     Plaintiff,                }
                               }     CIVIL ACTION NO.
v.                             }     06-AR-1321-S
                               }
ELI LILLY AND COMPANY, et      }
al.,                           }
                               }
     Defendants.               }
```

## MEMORANDUM OPINION

On August 11, 2006, the following three motions in the above-entitled cause were set for hearing:

    1.   The motion of plaintiff, Charles O. Crowder, to remand the case to the Circuit Court of Jefferson County, Alabama, from which it was removed on the basis of diversity and fraudulent joinder;

    2.   The motion of non-diverse defendant, Anthony Cuicchi, to dismiss; and

    3.   The motion of defendant, Eli Lilly and Company, to stay the case pending action by the Multidistrict Panel.

The parties did not request oral argument, although oral argument would have been helpful. Perhaps the parties thought that the motion for a stay would become moot by an anticipated order of transfer entered before the court could rule on its subject-matter jurisdiction. No such order has been received.

In opposing remand, defendants rely largely, if not

entirely, upon *Legg v. Wyeth*, 428 F.3d 1317 (11th Cir. 2005), which was a substantially similar case, both factually and procedurally.  For the limited purpose of evaluating a plaintiff's request that his attorneys' fees be assessed against an allegedly improperly removing defendant, the Eleventh Circuit said that the removal was proper and therefore not improvident. The Eleventh Circuit further said that plaintiff had not stated a viable claim against the non-diverse defendant, a pharmaceutical salesman for the removing defendant manufacturer.  All **erroneous** removals are not, *ipso facto*, **improvident**.  Even if the Supreme Court had not, less than two months after *Legg*, held what it held in *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704 (2005), the Eleventh Circuit's expression in *Legg* on the fraudulent joinder issue would be *dictum*.  Under 28 U.S.C. §1447(d), an appellate court cannot reverse an order of remand, an order that in *Legg* remained untouched unless by implication.

    Both *Betts v. Eli Lily*, 2006 WL 1523060, ___ F. Supp. 2d ___ (S.D. Ala. 2006), and *Henderson v. Washington National Ins. Co.*, 2006 WL 1867353, ___ F. Supp. 3d ___ (11th Cir. 2006), make clear how difficult it is for a diverse defendant who removes under 28 U.S.C. §1332 to meet his burden of demonstrating the absence of the slightest possibility that plaintiff has established or can establish an Alabama cause of action against a non-diverse defendant.  It is hard to reconcile these cases with *Legg*, although, with effort, they can be distinguished. This court will

gladly defer to the MDL on the subject.

Because the trial judge to whom numerous similar cases have already been assigned for multidistrict management is just as capable as is the undersigned to rule on the question of the federal court's subject-matter jurisdiction under circumstances like these, the court will, by separate order, grant Ely Lilly's motion for a stay.  If the Multidistrict Panel declines the case, this court will reassume the jurisdictional question.

DONE this 15th day of August, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE